## DANIEL TYLER v. THOMAS E. ALLEN.

A party in custody upon a *capias ad respondendum* issued by a justice of this court under the "act respecting imprisonment for debt in cases of fraud," will not be discharged, where, upon his own application, an order was made to take testimony, under which witnesses were examined concerning the truth of the affidavits and proofs upon which the *fiat* for the writ was made, unless it shall clearly be shown by the evidence that the writ should not have been issued.

In case. On motion to discharge defendant from arrest.

Tyler v. Allen.

Argued in the branch court before Justices WOODHULL and DALRIMPLE, by *J. Vanatta*, for the defendant, and *T. Little*, for the plaintiff.

OPINION OF THE COURT. The defendant was arrested and held to bail on a *capias ad respondendum*, issued on an order of a justice of this court, under the act entitled "an act respecting imprisonment for debt in cases of fraud." It appears, by the affidavits on which the order for bail is founded, that the defendant fraudulently contracted the debt, for the recovery of which the suit is brought. The defendant, upon his arrest, applied for and obtained an order for the taking of testimony concerning the truth of the affidavits and proofs, upon which the order for the writ was made. Testimony was accordingly taken, in writing, before one of the commissioners of this court, and is now submitted to us. The question is, whether it appears, by such affidavits and proofs, that the writ was improperly or improvidently issued, or should not have been issued. The defendant, by his application for the order to take testimony, virtually admits that the affidavits on which the order for bail is founded, are sufficient to warrant such order. The question to be decided is one of pure fact. Has the defendant succeeded in showing that the plaintiff's affidavits, on which the order for bail was made, are untrue, and hence the writ improperly and improvidently issued? It is not necessary for the court to go into a discussion of all the minute facts and circumstances, relied upon on the one side and the other, to give character to the transaction out of which the debt in question arose. Suffice it to say, that after a careful examination, as well of the original affidavits as of the depositions taken on part of the defendant, it does not appear to us that the defendant has succeeded in showing the untruth of the affidavits, on which the order to hold to bail was made, or that the writ should not have been issued. It was contended, on the argument, that the defendant had made certain payments which had not been credited to him, and that therefore the amount for which

bail was required was too large. We do not think that this appears to be so from the evidence. It may be that upon the trial of the cause the defendant will be able to show, as was claimed by his counsel before us, that there is no debt due to plaintiff from defendant, and, if any, much less in amount than that for which the writ issued. The evidence before us, on this preliminary motion, fails to bring us to either of these conclusions. The writ and order therefore must stand.

Motion denied.